UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD IACCARINO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>NORTHAMPTON COUNTY COURT<br>OF COMMON PLEAS, et al.,<br><br>　　　　Respondents. | CIVIL ACTION<br><br>No. 08-344 |

## MEMORANDUM/ORDER

On January 22, 2008, petitioner Edward Iaccarino filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his conviction for aggravated assault and recklessly endangering another person. On May 29, 2008, Magistrate Judge L. Felipe Restrepo issued a Report and Recommendation ("R&R") recommending that Iaccarino's petition be denied as untimely. Petitioner has not filed objections to the R&R. For the reasons below, the court hereby approves and adopts the R&R and dismisses the petition.

As the R&R explains in detail, petitioner's conviction became final on September 19, 2005, triggering the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). The limitations period was tolled from May 26, 2006, when petitioner properly filed a third petition for collateral relief in the state courts under the Pennsylvania Post-Conviction Relief Act ("PCRA"), until September 6, 2006, the

deadline for petitioner to file an appeal from the denial of his PCRA petition. Although petitioner subsequently filed a notice of appeal *nunc pro tunc*, that notice was "improperly filed as a matter of [Pennsylvania] law." *Brown v. Shannon*, 322 F.3d 768, 776 n.5 (3d Cir. 2003). The remainder of the one-year limitations period therefore began running as of September 6, 2006. *See* 28 U.S.C. § 2244(d)(2). Petitioner, however, failed to file his federal habeas petition until on or about January 3, 2008, well over a year later. Absent equitable tolling, the petition was therefore untimely.

The R&R also correctly concludes that petitioner alleges no circumstances that would give rise to equitable tolling. This court further notes that, even if the limitations period could be tolled between September 6, 2006 and March 5, 2007, the last date on which petitioner could timely appeal the denial of his Motion for Leave to Appeal Nunc Pro Tunc, the petition would remain untimely, as over eight months of the limitations period had previously elapsed and petitioner waited almost another ten more months before filing his federal petition. The court will therefore approve and adopt Magistrate Judge Restrepo's thorough Report and Recommendation and dismiss the petition.

Finally, the court agrees with Magistrate Judge Restrepo that "a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred." R&R at 9. Accordingly, the court will not issue a certificate of appealability. An appropriate order follows.